### CHRIST v. CHETWOOD.

#### (City Court of New York, General Term. November 27, 1893.)

NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.
 It is not the practice to grant new trials on newly-discovered evidence after the judgment has been affirmed by two appellate courts.

Appeal from special term.

Action by Bernard B. Christ against Bradbury C. Chetwood. There was a verdict and judgment for plaintiff, and, from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before McCARTHY and NEWBURGER, JJ.

John G. Ritter, for appellant.
Herman G. Loew, for respondent.

NEWBURGER, J. This action was brought against the defendant for the receipt, conversion, and wrongful detention and withholding from plaintiff of moneys received and collected by defendant, as an attorney, belonging to plaintiff, which he (defendant) appropriated to his own use. In 1877 the plaintiff, who was then about 14 years of age, with his sister, were the owners of a bond and mortgage on real estate in the city of New York. In that year, defendant was retained as attorney to institute foreclosure proceedings, and he brought such an action, and in that action the property was sold, and bought in by the sister of the plaintiff. In 1879 the property was again sold, and the purchase price was received by the defendant as attorney. The answer of the defendant admits the receipt of the money, but sets up a number of defenses, including statute of limitations, settlement with the plaintiff's sister, and a counterclaim for services rendered. This case was tried in

April, 1892, and resulted in a verdict for the plaintiff, and against the defendant, for the sum of $900. An appeal was then taken to the general term of this court, which affirmed the judgment entered upon the verdict. 20 N. Y. Supp. 841. The defendant then appealed to the general term of the court of common pleas, which affirmed the judgment April 5, 1893. 22 N. Y. Supp. 1133. Subsequently, and in May, 1893, defendant moved for a new trial on newly-discovered evidence. This motion was heard and denied, and from the order entered therein this appeal is taken.

This motion comes too late. It would be a great injustice to the plaintiff. It is not the practice to grant new trials, upon newly-discovered evidence, after the judgment has been affirmed by two appellate courts. Independent, however, of the practice, there is no merit in the application. The motion was properly denied, and the order appealed from must be affirmed, with costs.